FORM 9
APPLICATION FOR ACCESS TO INFORMATION UNDER
PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL

# United States Court of Federal Claims

| | | |
|---|---|---|
| Space Exploration Technologies Corp. | ) ) ) ) | No. _19-742C_ |
| Plaintiff, | ) ) | Judge _Lydia Kay Griggsby_ |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

APPLICATION FOR ACCESS TO INFORMATION UNDER
PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL

1.  I, _Michael A. Hordell_____ , hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

   2. a. I [outside counsel only] am an attorney with the law firm of _____Barnes & Thornburg LLP_ and have been retained to represent _Blue Origin, LLC_____ , a party to this proceeding.

     b. I [inside counsel] am in-house counsel (my title is: _____) for _____ , a party to this proceeding.

3.  I am [X] am not [ ] a member of the bar of the United States Court of Federal Claims (the court).

4.  My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5.  I [outside counsel only] identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph: NONE

6.  I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the

proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order.
NONE

    7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal:

        On April 21, 2017, I notified Noah Bleicher, GAO Deputy Assistant General Counsel, Procurement Law, of an inadvertent inclusion of a party not admitted to the protective order, issued in B-414238.5 (Evergreen Flying Services), concerning my client's comments on an agency's report. The email sent to the inappropriate party was deleted and a confirmation of the deletion was received by my office. Through our investigation it was determined that the computer's automatic population function added the wrong addressee to the "To" line. Corrective action was immediately taken. Please note that I have been granted access to protected material in every protest I have filed at GAO subsequent to this incident. Please see attached correspondence.

    8. I [inside counsel] have attached a detailed narrative providing the following information:
        a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;
        b. the person(s) to whom I report and their position(s) and responsibilities;
        c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters.
        d. my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and
        e. measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of protected information to persons not admitted under the Protective Order.

    9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

    10. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

* * *

    By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

5/24/2019

Signature                 Date Executed
Michael A. Hordell
Typed Name and Title
(202) 371-6348; (202)912-8409 (Secure Facsimile)
Telephone & Facsimile Numbers
Michael.Hordell@btlaw.com
E-mail Address

S E Pi

24 MAY 2019

Signature of Attorney of Record

Date Executed

Scott E. Pickens, Partner
Typed Name and Title
(202) 371-6346; (202) 912-8409 (Secure Facsimile)
Telephone & Facsimile Numbers
Scott.Pickens@btlaw.com
E-mail Address

214

## Hordell, Michael

| | |
|---|---|
| **From:** | Bleicher, Noah B <BleicherN@gao.gov> |
| **Sent:** | Friday, April 21, 2017 4:18 PM |
| **To:** | Hordell, Michael A. |
| **Cc:** | Protests |
| **Subject:** | Request for Information re Possible Protective Order Violation |

Michael, As I mentioned I would in our conversation earlier today, I spoke briefly with my assistant general counsel regarding the inadvertent inclusion of a party not admitted to the protective order on your email containing your client's comments on the agency's report in B-414238.5 (Evergreen Flying Services). We request additional information in writing from you about the situation.

Can you please provide a detailed explanation of what transpired? Specifically, we are interested in what exactly occurred, what steps were taken to retrieve/destroy the document at issue, and what steps are being taken to ensure that such an incident does not happen again. We intend to review this information to determine whether a violation of the protective order occurred, and to consider whether any admonishment or sanctions are warranted.

We request the information by Thursday, April 27, 2017.

Noah

Noah B. Bleicher
Deputy Assistant General Counsel, Procurement Law
Office of the General Counsel
U.S. Government Accountability Office
(202) 512-5078
BleicherN@gao.gov

1

**From:** Hordell, Michael A. [mailto:hordellm@pepperlaw.com]
**Sent:** Thursday, April 27, 2017 4:35 PM
**To:** Bleicher, Noah B; Protests
**Subject:** Protest of Evergreen Services B-414238.5 Request for Information

Noah:
Here is the letter requested in your April 21 email.
Regards. Michael

**Michael A. Hordell**
Of Counsel
Hamilton Square | 600 Fourteenth Street, N.W.

# Pepper Hamilton LLP
—————————— Attorneys at Law

Washington, D.C. 20005-2004
p: 202.220.1232 | f: 202.318.4527 | bio

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by software viruses. The information contained in this communication may be confidential and may be subject to the attorney-client privilege. If you are the intended recipient and you do not wish to receive similar electronic messages from us in the future then please respond to the sender to this effect.

# Pepper Hamilton LLP
#### Attorneys at Law

Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
202.220.1200
Fax 202.220.1665

Michael A. Hordell
direct dial: 202-220-1232
direct facsimile: 202-318-4527
hordellm@pepperlaw.com

April 27, 2017

**<u>Via Electronic Mail</u>**
protests@gao.gov

bleicherN@gao.gov

Noah B. Bleicher
Deputy Assistant General Counsel
Procurement Law
Office of the General Counsel
US Government Accountability Office
441 G. Street, NW
Washington, DC 20548

        Re:    Request for Information
                Protest of Evergreen Services
                <u>GAO No. B-414238.5</u>

Dear Mr. Bleicher:

        This is in response to your April 21, 2017 email (attached hereto) regarding the Protest of Evergreen Services, B-414238.5, in which you request a detailed explanation as to what transpired concerning my filing of G.B. Aerial's Comments in Response to the Agency Report on April 17, 2017. The chronology of events follows:

        1)      G.B. Aerial's Comments in Response to the Agency Report were filed electronically by Renee M. Grimes, Legal Secretary. See email string attached hereto.

        2)      Thereafter, Ms. Grimes received an email from Brian F. Walsh advising that he received an email from her which he did not open, since he believed it may have been sent in error. See *id.*

| Philadelphia | Boston | Washington, D.C. | Los Angeles | New York | Pittsburgh |
|---|---|---|---|---|---|
| Detroit | Berwyn | Harrisburg | Orange County | Princeton | Silicon Valley | Wilmington |

**Pepper Hamilton LLP**
—————————Attorneys at Law—

Noah B. Bleicher
April 27, 2017
Page 2

       3)     Ms. Grimes replied to Mr. Walsh requesting that he delete the email and send her confirmation of the deletion.  See *id.*

       4)     Mr. Walsh responded by return email and advised that the email had been deleted.  See *id.*

       5)     Subsequently, I left a voice-mail for you requesting a return call concerning the Evergreen protest.

       6)     On April 21, you and I discussed this matter.  You advised that I may be receiving an email requesting a detailed explanation, which I in fact received.

       Our investigation of this matter revealed that Ms. Grimes' computer automatically populated the "to" line with "Brian F. Walsh" after Ms. Grimes typed in a "b" and not "BWalsh."  It is still unclear why this happened, since Ms. Grimes, to the best of her knowledge, has not previously sent Brian F. Walsh any email correspondence.

       In light of this incident, which is my first ever, we have implemented a system where no emails sent to GAO that contain protected material in the body of the email or have protected documents attached thereto will be sent without my or my designee's review.  Under this new system, it is my firm belief that this situation will not repeat itself in the future.

       I am available to discuss this matter further with you or your Assistant General Counsel at your convenience, including traveling to GAO if you believe a face-to-face meeting would be beneficial.

       Very truly yours,

       Michael A. Hordell

**Grimes, Renee M.**

| | |
|---|---|
| **From:** | Brian F. Walsh <bwalsh@barnesrichardson.com> |
| **Sent:** | Monday, April 17, 2017 4:25 PM |
| **To:** | Grimes, Renee M. |
| **Subject:** | RE: GAO B-414238.5 |

Renee,

The email has been deleted.

Brian Walsh

**From:** Grimes, Renee M. [mailto:grimesr@pepperlaw.com]
**Sent:** Monday, April 17, 2017 3:23 PM
**To:** Brian F. Walsh <bwalsh@barnesrichardson.com>
**Subject:** RE: GAO B-414238.5

Mr. Walsh, please delete the email and send me confirmation that you have deleted it. Thank you very much for recognizing this administrative/computer error.

**From:** Brian F. Walsh [mailto:bwalsh@barnesrichardson.com]
**Sent:** Monday, April 17, 2017 4:19 PM
**To:** Grimes, Renee M.
**Subject:** RE: GAO B-414238.5

Renee,

I received the email below from you.

I have not opened the attachment. This message may have been sent to me in error. Can you let me know if I am an intended recipient?

Thank you.

Brian Walsh


Brian F. Walsh
Barnes, Richardson & Colburn, LLP
Global Trade Law
www.barnesrichardson.com
(312) 297-9552

Barnes/Richardson
Global Trade Law

Please Note: This E-mail message may contain legally privileged and confidential information intended only for the use of the individual(s) named above. If you are not the intended recipient, you are hereby notified that you should not disseminate, distribute, save, copy or forward this E-mail message. If you have received this E-mail message in error, please notify the sender immediately. Thank you.

1

**From:** Grimes, Renee M. [mailto:grimesr@pepperlaw.com]
**Sent:** Monday, April 17, 2017 3:05 PM
**To:** 'protests@gao.gov' <protests@gao.gov>; 'BleicherN@gao.gov' <BleicherN@gao.gov>; 'FMurray@foley.com'
<FMurray@foley.com>; Amy.Siadak@sol.doi.gov; knucci@thompsoncoburn.com; Brian F. Walsh
<bwalsh@barnesrichardson.com>; dcohen@cohenmohr.com
**Cc:** Hordell, Michael A. <hordellm@pepperlaw.com>; Campbell, Gary J. <campbelg@pepperlaw.com>; Masini, Erin F.
<masinie@pepperlaw.com>
**Subject:** GAO B-414238.5

**Sent on behalf of Gary J. Campbell and Michael Hordell**


**ATTACHMENT CONTAINS PROTECTED INFORMATION**
**DISCLOSE ONLY IN ACCORDANCE WITH GAO PROTECTIVE ORDER**

Mr. Bleicher:
Please see the attached Comments in Response to the Agency Report submitted by G.B. Aerial.

Regards,

Gary J. Campbell
Michael A. Hordell




**Renee M. Grimes**
Legal Secretary

# Pepper Hamilton LLP
*Attorneys at Law*

Hamilton Square | 600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
p: 202.220.1636

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by software viruses. The information contained in this communication may be confidential and may be subject to the attorney-client privilege. If you are the intended recipient and you do not wish to receive similar electronic messages from us in the future then please respond to the sender to this effect.



U.S. GOVERNMENT ACCOUNTABILITY OFFICE

441 G St. N.W.
Washington, DC 20548

**Comptroller General
of the United States**

B-414238.5

November 14, 2017

Michael A. Hordell, Esq.
Pepper Hamilton LLP

Dear Mr. Hordell:

On April 17, 2017, you were involved in a violation of the terms of the protective order issued by our Office in connection with your representation of intervenor G.B. Aerial Applications, Inc., in the protest of Evergreen Flying Services, Inc. (B-414238.5). In that protest, Evergreen challenged the award of several contracts, including your client's contract, under solicitation No. D16PS00182, which was issued by the Department of the Interior for single engine air tanker flight services for the Bureau of Land Management to support fire suppression operations in the contiguous 48 states.

Our Office issued a protective order in this matter on March 9, to which you were admitted on March 15. The protective order provided as follows:

> Only individuals who are admitted under this protective order by GAO, and support staff (paralegal, clerical, and administrative personnel) who are employed or supervised by individuals admitted under this order . . . shall have access to information covered by this order. Individuals admitted under this protective order shall advise such support staff, prior to providing them access to protected material, of their obligations under this order.

GAO Protective Order ¶ 3. The protective order further provided that:

> Each individual covered under this protective order shall take all precautions necessary to prevent disclosure of protected material. In addition to physically and electronically securing, safeguarding, and restricting access to the protected material in one's possession, these precautions include, but are not limited to, sending and receiving protected material using physical and electronic methods that are within the control of individuals authorized by this protective order or that otherwise restrict access to protected material to individuals authorized by this protective order.

GAO Protective Order ¶ 6.

On April 17, a legal secretary working under your supervision, transmitted your client's comments on the agency's report as an attachment to an email delivered to 10 recipients, including a Brian F. Walsh, who is apparently an attorney practicing trade law

in the Chicago office of Barnes, Richardson & Colburn LLP. Email from Legal Secretary to Parties, Apr. 17, 2017, (3:05 p.m.). While Brian G. Walsh, a government contracts lawyer with Wiley Rein LLP represented a party to the protest and was admitted to the protective order, Brian F. Walsh, the recipient on the email, was not affiliated with the protest and, as such, was not admitted to the protective order.

Minutes later, Brian F. Walsh responded to the legal secretary's email, asking if the email was sent to him in error, and advising that he had not opened the attachment. Email from Brian F. Walsh to Legal Secretary, Apr. 17, 2017 (3:19 p.m.). Your legal secretary promptly confirmed that the email had been sent in error and requested that Mr. Walsh delete the message. Email from Legal Secretary to Brian F. Walsh, Apr. 17, 2017 (3:23 p.m.). Within minutes, Mr. Walsh confirmed that the message had been deleted. Email from Brian F. Walsh to Legal Secretary, Apr. 17, 2017 (3:25 p.m.).

Following the error, you promptly contacted our Office to explain what had happened and express your concern. Thereafter, we requested that you provide our Office with a more detailed explanation of what transpired and what steps had been taken to ensure such an incident would not happen again. Email from GAO to Mr. Hordell, Apr. 21, 2017 (4:18 p.m.).

By letter of April 27, you explained that your legal secretary intended to include Brian G. Walsh, the counsel admitted to the protective order, as a recipient of her email transmitting your client's comments. Letter from Mr. Hordell to GAO, Apr. 27, 2017, at 2. You further explained that when your legal secretary entered the names of the recipients into her email message, she typed the letter "B" in the "To" line of the email message. See Id. However, instead of Brian G. Walsh's email being entered into the message (i.e., "BWalsh"), the email system automatically populated the "To" line with "Brian F. Walsh" as a recipient. See Id.

In addition, you explained that following the incident, which you represented was your first ever, you implemented a system where emails sent to GAO that contain protected material--in the body or where protected documented are attached--would only be sent following your, or your designee's, review. Id. You expressed confidence that under the new system, the type of error that occurred here would not occur in the future. Id.

As you know, our Office views any violation of a protective order with the utmost concern. While protective orders provide a way for protesters to pursue their protests effectively, they require agencies and private parties to make available sensitive and valuable information. This information could be improperly released if the parties are not scrupulous in honoring the restrictions imposed by the protective order. For that reason, all parties are charged with taking precautions to prevent disclosure of protected material.

Here, while the improper dissemination of your client's protected comments was inadvertent and rectified promptly without the disclosure of protected material, you nevertheless failed in your responsibility to ensure that protected information was not disclosed to unauthorized persons, in violation of paragraph 6 of the protective order. Additionally, you also failed in your responsibility under paragraph 3 of the protective

Page 2

order to adequately advise support staff of their obligations under the protective order. However, you accepted total responsibility for the protective order violation, cooperated fully with our request for information, reflected an appreciation for the gravity of the error, and promptly implemented a new system to ensure similar errors do not occur in the future. Further, it does not appear that any competitive harm has resulted.

While we conclude that, under these circumstances, the imposition of sanctions is not warranted, we admonish you to exercise greater care in the future in handling of protected materials and in advising your support staff to do the same. Although this violation alone will not affect your admission under future protective orders, any additional violation or relevant adverse information may affect your standing in the future. Accordingly, you must disclose this finding of a violation of the protective order on any future Government Accountability Office protective order applications filed within the next 2 years of the date of this letter.

Sincerely yours,

Susan A. Poling
General Counsel

cc:    Amy Siadak, Esq.
       Department of the Interior

Page 3