# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) Civil Action No. 1:19-CV-00742 ) Judge Lydia Kay Griggsby |
| Defendant, | ) ) ) |
| and | ) ) |
| BLUE ORIGIN, LLC AND UNITED LAUNCH SERVICES, LLC, | ) ) ) ) |
| Defendant-Intervenors. | ) ) |

## APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL

1. I, David M. Hibey, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. I am an attorney with the law firm of Arnold & Porter Kaye Scholer LLP and have been retained to represent Space Exploration Technologies Corp., a party to this proceeding.

3. I am a member of the bar of the United States Court of Federal Claims.

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

NONE

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order.

NONE

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal:

NONE

8. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

9. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

\* \* \*

By my signature, I certify that, to the best of my knowledge, the representations set forth above are true and correct.

_____
Signature

David M. Hibey, Counsel
Typed Name and Title

(202) 942-6992 & (202) 942-5999
Telephone & Facsimile Numbers

david.hibey@arnoldporter.com
E-mail Address

5/23/19
Date Executed

_____
Signature of Attorney of Record

Craig A. Holman, Partner
Typed Name and Title

(202) 942-5722 & (202) 942-5999
Telephone & Facsimile Numbers

craig.holman@arnoldporter.com
E-mail Address

5-23-19
Date Executed