# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant, <br><br> and <br> UNITED LAUNCH ALLIANCE, LLC, BLUE ORIGIN, LLC, and ORBITAL SCIENCES CORPORATION, <br>    Intervenor-Defendants. | Case No. 1:19-cv-00742-LKG <br><br> Judge Griggsby |

## APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL

1. I, <u>Maureen F. Del Duca</u>, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. a. I [outside counsel only] am an attorney with the law firm of _____ and have been retained to represent _____, a party to this proceeding.
   b. I [inside counsel] am in-house counsel (my title is: <u>VP & Deputy General Counsel, Litigation & Investigations for Northrop Grumman Corporation, which is the corporate parent of Orbital Sciences Corporation</u>, a party to this proceeding.

3. I am [_] am not [x] a member of the bar of the United States Court of Federal Claims (the court).

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

      5. I [outside counsel only] identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

      6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order.
      _____None_____

      7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal:
      _____None_____

      8. I [inside counsel] have attached a detailed narrative providing the following information:
          a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;
          b. the person(s) to whom I report and their position(s) and responsibilities;
          c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters;
          d. my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and
          e. measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of protected information to persons not admitted under the Protective Order.

      9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

      10. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

*[signature]*  5/29/2019
Signature  Date Executed
Maureen F. Del Duca, VP & Deputy General Counsel
Typed Name and Title
P: (703) 280-2665 F: (703) 846-9616
Telephone and Facsimile Numbers
maureen.delduca@ngc.com
E-mail Address

*[signature]*  5/29/2019
Signature of Attorney of Record  Date Executed
Kevin P. Mullen, Partner
Typed Name and Title
P: (202) 887-1560 F: (202) 785-7623
Telephone & Facsimile Numbers
KMullen@mofo.com
E-mail Address

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant, <br><br> and <br><br> UNITED LAUNCH ALLIANCE, LLC, BLUE ORIGIN, LLC, and ORBITAL SCIENCES CORPORATION, <br><br> Intervenor-Defendants. | Case No. 1:19-cv-00742-LKG <br><br> Judge Griggsby |

**SUPPLEMENTAL STATEMENT OF MAUREEN F. DEL DUCA**
**IN SUPPORT OF APPLICATION FOR ACCESS TO MATERIAL**
**UNDER A PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

I, Maureen F. Del Duca, make the following statement and representation and request the Court grant me access to protected material that parties may file or produce in the above-captioned protest ("Protest"). The following paragraphs provide the information required by paragraph 8 of the Application for Access to Material under a Protective Order for In-House Counsel, to which this Supplemental Statement is appended.

(a)     My title is Vice President, Deputy General Counsel, Litigation and Investigations, for Northrop Grumman Corporation and its subsidiaries ("Northrop Grumman" or "the Company"). I have worked for Northrop Grumman since 2013. I am responsible for providing legal counsel and support with regard to anticipated and pending disputes and managing litigation for the Company's Corporate office and its four Sectors: the Mission Systems Sector headquartered in Linthicum, Maryland; the Technology Services Sector headquartered in Herndon, Virginia; the Aerospace Systems Sector headquartered in El Segundo, California; and the Innovation Systems Sector headquartered in Dulles, Virginia. Orbital Sciences Corporation is part of the Innovation Systems Sector. My role in procurement-related matters is limited to providing legal counsel and support with regard to anticipated and pending disputes and litigation.

1

I have not been and am not now involved in competitive decision-making for or on behalf of Northrop Grumman or any entity. I do not provide advice or participate in decisions about marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected material could provide a competitive advantage.

(b)  I report to Sheila C. Cheston, Esq., Corporate Vice President and General Counsel for Northrop Grumman. Ms. Cheston is the chief legal officer at Northrop Grumman and is responsible for all legal issues concerning the Company. Ms. Cheston is located at Northrop Grumman's corporate headquarters in Falls Church, Virginia.

(c)  My office is located at Northrop Grumman's corporate headquarters at 2980 Fairview Park Dr., Falls Church, Virginia. There are approximately 33 other in-house attorneys at this location. None of those lawyers is responsible for providing day-to-day legal advice and support to the Innovation Systems Sector, the sector involved in this protest, on procurement-related matters or competitive decision-making. The other attorneys located at Northrop Grumman headquarters, in addition to Ms. Cheston and me, support the Company in the areas of corporate governance, mergers & acquisitions, international law (including import and export law), environmental law, labor and employment and employee benefits law, government contract law, litigation, investigations, and ethics and compliance.

(d)  The Litigation and Investigations Group, which I lead, has approximately twelve attorneys located in Falls Church, Virginia and Los Angeles, California. The Falls Church litigation attorneys' offices are physically separate from those of attorneys who support business units (Sectors) within Northrop Grumman. Of relevance here, I am physically separated from the Sector Counsel for the Innovation Systems Sector, the chief legal officer for that business unit; she and her legal staff are located in the Innovation Systems Sector headquarters office in Dulles, Virginia and at other locations away from Northrop Grumman's Falls Church headquarters. The attorneys who support the Innovation Systems Sector report up through their Sector Counsel, who reports directly to Ms. Cheston. Thus, the attorneys supporting the Innovation Systems Sector are not in my leadership chain, and I am not in theirs.

(e)  I am isolated from competitive decision-making as a function of my position and responsibilities. Northrop Grumman recognizes that my being able to access materials pursuant to Protective Orders requires my isolation from competitive decision-making. Therefore, I do not attend proposal development meetings. I do not review proposals or proposal-related materials (such as discussion responses) in the course of my duties, except as may be needed to carry out any litigation-related responsibilities and, in such cases, my advice is limited in scope to just those responsibilities. Physically, my office is enclosed and separate from anyone who might be involved in competitive decision-making.

I have been admitted under protective orders in prior protests. I was admitted under a protective order in a U.S. Court of Federal Claims bid protest, Raytheon Company v. United States, 121 Fed. Cl. 135, aff'd, 809 F.3d 590 (Fed. Cir. 2015). I also was admitted under protective orders in Government Accountability Office bid protests, including: Northrop Grumman Systems Corp., B-412278 (Oct. 4, 2017) and The Boeing Company, B-412441

(Feb. 16, 2016).

      For this Protest, I will not review any protected material at a Northrop Grumman facility, whether in electronic or hardcopy form. In addition, I will not receive or review any protected material on my primary work computer or on any computer that connects to Northrop Grumman's network. I will only receive protected material from Northrop Grumman's outside counsel in this matter, Morrison & Foerster LLP, in one or more of the following ways: (1) on a secure, password-protected website set up by outside counsel using a computer in a non-Northrop Grumman, secure location that does not connect to a Northrop Grumman network or (2) at outside counsel's offices.

DATED: May 29, 2019

                                                  Maureen F. Del Duca, Esq.