# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES, CORP.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>UNITED LAUNCH SERVICES, LLC; BLUE ORIGIN, LLC; and ORBITAL SCIENCES CORPORATION,<br><br>Intervenor-Defendants. | No. 19-742-C<br>(Judge Lydia Kay Griggsby) |

## APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL

1. I, <u>Ralph A. Bauer</u>, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. a. I [outside counsel only] am an attorney with the law firm of _____ and have been retained to represent _____, a party to this proceeding.

   b. I [inside counsel] am in-house counsel (my title is: <u>Associate General Counsel</u>) for <u>United Launch Alliance, LLC, which is the corporate parent of United Launch Services, LLC</u>, a party to this proceeding.

3. I am [x] am not [_] a member of the bar of the United States Court of Federal Claims (the court).

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive

structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I [outside counsel only] identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph: **N/A**

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. **None**

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal: **None**

8. I [inside counsel] have attached a detailed narrative providing the following information:
    a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;
    b. the person(s) to whom I report and their position(s) and responsibilities;
    c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters;
    d. my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and
    e. measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of protected information to persons not admitted under the Protective Order.

9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

\* \* \*

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_____         6/20/2019
Signature                         Date Executed

Ralph A. Bauer
Typed Name and Title

303-269-5102 (p) / 703-351-6854 (f)
Telephone & Facsimile Numbers

Ralph.A.Bauer@ulalaunch.com
E-mail Address

_____         June 24, 2019
Signature of Attorney of Record   Date Executed

Todd R. Steggerda
Typed Name and Title

202-857-2477 (p) / 202-828-2968 (f)
Telephone & Facsimile Numbers

tsteggerda@mcguirewoods.com
E-mail Address

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES, CORP., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 19-742-C ) (Judge Lydia Kay Griggsby) |
| THE UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| UNITED LAUNCH SERVICES, LLC; BLUE ORIGIN, LLC; and ORBITAL SCIENCES CORPORATION, | ) ) ) ) |
| Intervenor-Defendants. | ) ) |

## SUPPLEMENTAL STATEMENT OF RALPH A. BAUER IN SUPPORT OF APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY INSIDE COUNSEL

I, Ralph A. Bauer, make the following statement and request that the Court grant me access to protected material that the parties may file or produce in the above captioned protest (the "Protest"). The following paragraphs provide the information required by Paragraph 8 of the Application for Access to Information under Protective Order by Inside Counsel, to which this Supplemental Statement is appended.

(a) My title is Associate General Counsel for United Launch Alliance, LLC ("ULA") and its subsidiary, United Launch Services, LLC ("ULS"). I have worked for ULA since September 2017. Prior to my work for ULA, I worked for International Launch Services, Inc. (2007 to 2017) and the U.S. Air Force (1983 to 2007), from which I retired as Colonel and at which I worked on matters before this Court. I am currently responsible for providing legal counsel and support related to the following ULA functions: human resources; ethics; risk management; real estate, facilities, and property; tax; safety, health, and environmental affairs; information management; data protection; global trade; and litigation management. My role in procurement-related matters is now and will be limited in the future to providing legal counsel and support with regard to anticipated and pending disputes and litigation. I am not now and will not in the future be involved in competitive decision-making for or on behalf of ULA, ULS, or any other entity. I do not now and will not in the future provide advice or participate in decisions about marketing or advertising strategies, product research and development, product design or

competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected material could provide a competitive advantage.

I also do not now and will not in the future assist in lobbying activities on behalf of ULA or ULS, to include the strategy related to or analysis of proposed legislation in which the use of protected material could provide a competitive advantage. I have never lobbied on behalf of ULA or ULS.

(b) I report to Thomas P. Tshudy, Esq., General Counsel and Vice President of ULA. Mr. Tshudy is the chief legal officer of ULA and is responsible for all legal issues concerning ULA and ULS. Mr. Tshudy is located in ULA's corporate headquarters in Centennial, Colorado.

(c) My office is located in ULA's Rosslyn, Virginia office. I am the only lawyer located at this ULA office.

(d) The members of the ULA legal team who are responsible for competitive decision-making issues are located in ULA's Centennial, Colorado headquarters office, and report directly to Mr. Tshudy. I am not in those individuals' reporting structure. The vast majority of ULA's employees are located in Centennial, Colorado, Decatur, Alabama, Vandenberg Air Force Base, California, Cape Canaveral, Florida, and Harlingen, Texas. I am therefore physically separate from those individuals who work on program management-related issues and who are regularly involved in competitive decision-making. The five non-lawyer ULA employees located in Rosslyn, Virginia typically work on government relations and communications matters. My office is enclosed and separate from anyone in that location who might be involved in competitive decision-making.

(e) I am isolated from competitive decision-making as a function of my position and responsibilities. ULA understands that my being able to access materials under protective order in a matter like this requires my isolation from competitive decision-making. Accordingly, ULA has specifically tailored my responsibilities going forward to isolate me from competitive decision-making. On a going-forward basis, I will not attend proposal development meetings and will not review proposals or proposal-related materials, including any participation in activities related to the ongoing Phase 2 of the National Security Space Launch program competition, Solicitation Number FA8811-19-R-0002, except as may be needed to carry out litigation-related responsibilities. In such cases, my advice and participation will be limited in scope to just those responsibilities.

For this Protest, I will not review any protected material at a ULA facility, whether in electronic or hardcopy form. In addition, I will not receive or review any protected material on my primary work computer or on any computer that connects to ULA network. I will only receive protected material from ULS' outside counsel in this matter, McGuireWoods LLP, in one or more of the following ways: (1) on a secure, password protected website set up by outside counsel using a computer in a non-ULA, secure location that does not connect to a ULA network or (2) at outside counsel's offices.

\* \* \*

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_____
Signature

6/20/2019
Date Executed

Ralph A. Bauer
Typed Name and Title

303-269-5102 (p) / 703-351-6854 (f)
Telephone & Facsimile Numbers

Ralph.A.Bauer@ulalaunch.com
E-mail Address

_____
Signature of Attorney of Record

June 24, 2019
Date Executed

Todd R. Steggerda
Typed Name and Title

202-857-2477 (p) / 202-828-2968 (f)
Telephone & Facsimile Numbers

tsteggerda@mcguirewoods.com
E-mail Address